IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    **Plaintiff**<br><br>    v.<br><br>VICTOR VEGA-ENCARNACION(3),<br>    **Defendant(s)** | **CRIMINAL NO.** 04-0278 |

**MEMORANDUM AND ORDER**

Pending before the Court is Victor Vega-Encarnacion's ("the defendant") motion to dismiss the indictment pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure, on grounds of outrageous governmental misconduct; for disclosure of grand jury minutes; and for a pretrial evidentiary hearing. (Docket No. 81). For the reasons set forth below, the Court **DENIES** the Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

The defendant is charged with knowingly and unlawfully conspiring to possess, with intent to distribute, multi-kilogram quantities of cocaine and heroin, in violation of 21 U.S.C. §§ 841 and 846. (Docket No. 18).

The evidence that led to the prosecution of this defendant includes, but is not limited to, numerous recorded conversations wherein the defendant is discussing and participating in the coordination of a drug smuggling venture, body recordings of

Criminal No. 04-0278                                                                 2

meetings in which the defendant participated in furtherance of the alleged criminal activity, surveillance conducted by agents, the seizure of moneys provided by the defendant to further the venture, the seizure of a drug load of more than 400 kilograms of cocaine and three kilograms of heroin which allegedly were to be received by the defendant, and testimonial evidence (including testimony of a cooperating witness).

The defendant's Motion was referred to Magistrate-Judge Justo Arenas for a Report and Recommendation. (Docket No. 100). On April 14th, 2005, Magistrate-Judge Arenas issued a Report and Recommendation to deny the defendant's motion. (Docket No. 102). The Magistrate-Judge reported that "the case does not lend itself to the notion that the United States not only created the crime through its informant, but also produced a motherload of cocaine and heroin which the defendant was not otherwise willing to associate himself with." (Docket No. 102 at 5). He further stated that "the particularized need to have the grand jury testimony discovered at this stage is not present in the meager proffer of the defendant," and concluded that

> [o]utside of rote allegations, there are no facts, I repeat, no facts, in the memorandum filed by the defendant, which allow me to believe that this case is taken out of the heartland of huge, multi-kilo seizures which plague Puerto Rico through the use of foreign, super-mule boat crews and the ghost captains which drive the boats to our shores. I have read the seven published cases cited by the defendant. They either considered dismissal after conviction, refer to evidentiary or non-evidentiary hearings held pretrial reflecting a sufficient showing to require such a hearing, are altogether irrelevant,

Criminal No. 04-0278                                                    3

> or refer to dictum. United States v. Twigg, 588 F.2d 373 (3rd Cir. 1978) is the outrageous government misconduct case par excellence but there is no showing of a similar nature here. Since the court's supervisory powers over the administration of grand juries is aimed at preventing abuses of the grand jury's power, and the prosecution's conduct yet cannot be characterized as the type of misconduct required to dismiss a valid indictment, even after reading the cases cited by the defendant, the present case does not warrant invoking this court's supervisory powers.

Id.

The defendant filed objections to the Report and Recommendation on May 6th, 2005. (Docket No. 105).

## STANDARD OF REVIEW

**A. Standard for Reviewing a Magistrate-Judge's Report and Recommendation**

A District Court may, on its own motion, refer a pending motion to a U.S. Magistrate-Judge for a Report and Recommendation. See 28 U.S.C. § 636(b)(1); Local Rule 157.1(a).  The adversely affected party may contest the Magistrate-Judge's Report and Recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order.  See 28 U.S.C. § 636(b)(1). If a party files timely objections to the Magistrate-Judge's Report and Recommendation, the Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made.  See United States v. Raddatz, 447 U.S. 667, 673 (1980); Lopez v. Chater, 8 F.Supp.2d 152, 154 (D.P.R. 1998).

Criminal No. 04-0278                                                    4

**DISCUSSION**

The defendant objects to the Magistrate-Judge's findings arguing that "it fatally ignores defendant's vindicative prosecution claim, the factual and procedural background of this case, defendant's requests for discovery and factual proffers made in defendant's sealed motion, and the report provides no explanation whatsoever for its failure to consider or rule on the discovery motion prior to reaching a decision on the merits of the motion." (Docket No. 105 at 2). Consequently, the defendant requests that the matter be recommitted to the Magistrate-Judge to supplement his Motion to Dismiss once discovery is complete. The Court disagrees.

After <u>de</u> <u>novo</u> review of the record, the Court finds that the defendant's allegations do not meet the stringent standard for "outrageous conduct" imposed by First Circuit precedent. <u>See</u> <u>United States v. Nuñez</u>, 146 F.3d 36 (1st Cir. 1998); <u>United States v. Santana</u>, 6 F.3d 1 (1st Cir. 1993). As the Magistrate-Judge correctly noted, the defendant fails to state factual grounds to support his allegations of misconduct or, at least, explain to the Court why the indictment against him responds to a vendetta by the United States rather than to the copious evidence gathered against him by federal authorities.

In sum, the Court finds that the defendant has not proffered a credible claim of outrageous misconduct against the United States. Hence, his "Motion to Dismiss, for Disclosure of Grand Jury Minutes

Criminal No. 04-0278                                                         5

and for Pretrial Evidentiary Hearing" must be **DENIED**.

## CONCLUSION

In light of the foregoing, the Court hereby **ADOPTS** the Magistrate-Judge Report and Recommendation (Docket No. 102), and accordingly, **DENIES** the defendants's "Motion to Dismiss, for Disclosure of Grand Jury Minutes and for Pretrial Evidentiary Hearing." (Docket No. 81).


    IT IS SO ORDERED.
    In San Juan, Puerto Rico, this 19th day of October, 2005.

                                        **S/Jay A. García-Gregory**
                                        JAY A. GARCIA-GREGORY
                                        United States District Judge